**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| NETWORK-1 TECHNOLOGIES, INC., | |
| Plaintiff, | |
| v. | C.A. No. 22-1320-MN |
| HONEYWELL INTERNATIONAL INC., | |
| Defendant. | |

**UNOPPOSED MOTION TO STAY BASED ON THE CUSTOMER-SUIT EXCEPTION**

Defendant Honeywell International Inc. ("Honeywell") hereby moves to stay this proceeding until the conclusion of the following case currently pending in the U.S. District Court for the Central District of California: *Network-1 Technologies, Inc. v. Dahua Technology USA, Inc.*, No. 8:22-cv-02087 (the "Dahua Case"). Plaintiff Network-1 Technologies, Inc. does not oppose this Motion.

Honeywell has represented to Plaintiff that certain defendants appearing in the Dahua Case supplied Honeywell with products at issue in this matter. These same products are also accused of infringement of U.S. Patent No. 6,218,930 (the "'930 Patent") in the Dahua Case.

The "customer-suit exception" is "designed to facilitate just, convenient, efficient, and less expensive determination" of infringement liability when a plaintiff brings claims against both a manufacturer and its customers. *See, e.g.*, *In re Nintendo of Am.*, 756 F.3d 1363, 1365 (Fed. Cir. 2014). That logic supports a stay here until resolution of the Dahua Case.

The factors that this Court typically considers when deciding a motion to stay weigh in favor of granting a stay: "(1) whether granting the stay will simplify the issues for trial; (2) the status of the litigation, particularly whether discovery is complete and a trial date has been set; and

(3) whether a stay would cause the non-movant to suffer undue prejudice from any delay, or allow the movant to gain a clear tactical advantage." *See, e.g.*, *Pragmatus Telecom, LLC v. Advanced Store Co.,* No. 12-088-RGA, 2012 WL 2803695, at *1 (D. Del. July 10, 2012). First, allowing the Dahua Case to come to resolution will simplify issues because of the substantial overlap in products. Second, this case is in its early stages: there is no scheduling order entered at this time and Honeywell has not yet filed its response to the Complaint in this case. Finally, given that the stay is unopposed, and the '930 Patent is expired, there is no prejudice to any party in this case.

For the foregoing reasons, Honeywell requests this Court to stay the above-captioned case until the conclusion of the Dahua Case.

Dated:  May 22, 2023

**K&L GATES LLP**

*/s/ Matthew B. Goeller*
Steven L. Caponi (No. 3484)
Matthew B. Goeller (No. 6283)
600 N. King Street, Suite 901
Wilmington, DE 19801
Phone: (302) 416-7000
steven.caponi@klgates.com
matthew.goeller@kglates.com

*Attorneys for Defendant Honeywell*
*International Inc.*